IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jacqueline L. Williams <br> *Debtor* | | CHAPTER 13 |
| MidFirst Bank <br> *Movant* <br> vs. | | NO. 16-10062 SR |
| Jacqueline L. Williams <br> *Debtor* | | |
| Frederick L. Reigle, Esq. <br> *Trustee* | | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on the Debtor's residence is **$4,130.73,** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | November 2016 through February 2017 at $820.11 each |
| Late Charges: | November 2016 through January 2017 at $32.80 each |
| Fees & Costs Relating to Motion: | $1,031.00 ($850.00 MFR Attorney Fee; $181.00 Filing Cost) |
| Post-Petition Suspense: | ($279.11) |
| **Total Post-Petition Arrears** | **$4,130.73** |

2. The Debtor shall cure said arrearages in the following manner:

a). Beginning March 2017 and continuing through August 2017, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$820.11** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$688.45** for the months of March 2017 through July 2017, and an installment payment of **$688.48** for the month of August 2017 towards the arrearages on or before the last day of each month at the address below:

MidFirst Bank, 999NorthWest Grand Boulevard, Oklahoma City, OK 73118

b). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments per Schedule are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: February 8, 2017

/s/ Denise Carlon, Esquire
Denise Carlon, Esquire
Attorney for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 2\14\2017

*Michael D. Sayles*
Michael D. Sayles, Esq.
Attorney for Debtor

Date: 3\20\17

Frederick L. Reigle, Esquire
Chapter 13 Trustee

Approved by the Court this 23rd day of March, 2017. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Stephen Raslavich