United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                                          Case No. 16-10062-sr
Jacqueline L. Williams                                                                          Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: DonnaR              Page 1 of 1                Date Rcvd: Mar 23, 2017
                              Form ID: pdf900           Total Noticed: 1


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 25, 2017.
db              +Jacqueline L. Williams,    6558 North 18th Street,    Philadelphia, PA 19126-3401

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                       TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 25, 2017                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 23, 2017 at the address(es) listed below:
          BRIAN CRAIG NICHOLAS    on behalf of Creditor    MidFirst Bank bnicholas@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          DENISE ELIZABETH CARLON     on behalf of Creditor    MidFirst Bank bkgroup@kmllawgroup.com
          FREDERICK L. REIGLE    ecfmail@fredreiglech13.com,    ecf_frpa@trustee13.com
          JOSHUA ISAAC GOLDMAN    on behalf of Creditor    MidFirst Bank bkgroup@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          MATTEO SAMUEL WEINER    on behalf of Creditor    MidFirst Bank bkgroup@kmllawgroup.com
          MICHAEL D. SAYLES    on behalf of Debtor Jacqueline L. Williams midusal@comcast.net,
           MichaelDSaylesEsq@comcast.net
          POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
           ecf_frpa@trustee13.com
          THOMAS I. PULEO    on behalf of Creditor    MidFirst Bank tpuleo@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                          TOTAL: 9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jacqueline L. Williams | | CHAPTER 13 |
| | Debtor | |
| MidFirst Bank | | |
| | Movant | |
| vs. | | NO. 16-10062 SR |
| Jacqueline L. Williams | | |
| | Debtor | |
| | | 11 U.S.C. Section 362 |
| Frederick L. Reigle, Esq. | | |
| | Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by Movant on the Debtor's residence is **$4,130.73**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | November 2016 through February 2017 at $820.11 each |
| Late Charges: | November 2016 through January 2017 at $32.80 each |
| Fees & Costs Relating to Motion: | $1,031.00 ($850.00 MFR Attorney Fee; $181.00 Filing Cost) |
| Post-Petition Suspense: | ($279.11) |
| **Total Post-Petition Arrears** | **$4,130.73** |

2.      The Debtor shall cure said arrearages in the following manner:

a). Beginning March 2017 and continuing through August 2017, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$820.11** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$688.45** for the months of March 2017 through July 2017, and an installment payment of **$688.48** for the month of August 2017 towards the arrearages on or before the last day of each month at the address below;

MidFirst Bank, 999NorthWest Grand Boulevard, Oklahoma City, OK 73118

b).      Maintenance of current monthly mortgage payments to Movant thereafter.

3.      Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.      In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived .

6.      If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.


Date:    February 8, 2017                          /s/ **Denise Carlon, Esquire**
                                                   Denise Carlon, Esquire
                                                   Attorney for Movant
                                                   KML Law Group, P.C.
                                                   Main Number: (215) 627-1322


Date: 2\14\2017                                    *Michael D. Sayles*
                                                   Michael D. Sayles, Esq.
                                                   Attorney for Debtor

Date: 3\20\17                                      Frederick L. Reigle, Esquire
                                                   Chaper 13 Trustee


Approved by the Court this 23rd day of __March_____, 2017.  However, the court retains discretion regarding entry of any further order.

                                                   _____
                                                   Bankruptcy Judge
                                                   Stephen Raslavich